95 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael M. BURNETT, Plaintiff-Appellant,
v.
Togo D. WEST, Jr., Secretary of the Army; John N.
Sturdivant, National President of the American Federation of
Government Employees AFL-CIO; Jean McKee, Federal Labor
Relations Authority; Kathleen D. Koch, Officer in Charge
Office of Special Counsel; Daniel R. Levinson, Chairman of
the U.S. Merit Systems Protections Board; American
Federation of Government Employees Local 1681, Bargaining
Unit Members; Phyllis N. Segal, Chairperson of the Federal
Labor Relations Authority; Ben Erdreich, US Merit Systems
Protection Board, Defendants-Appellees.
 
 No. 95-16327.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael M. Burnett, a former employee of the Sacramento Army Depot, appeals pro se the district court's dismissal of his action under Title VII of the Civil Service Reform Act ("the Act"), 5 U.S.C. §§ 7101-7135, for lack of subject-matter jurisdiction. Burnett alleged that defendants committed unfair labor practices when they began dismissing employees at the army depot pursuant to the Defense Base Closure and Realignment Act of 1990, Pub.L. No. 101-510, 104 Stat. 1819 (1990). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's determination that it lacked subject-matter jurisdiction. Skagit County Pub. Hosp. Dist. No. 2 v. Shalala, 80 F.3d 379, 384 (9th Cir.1996).
 
 
 4
 Burnett contends that the district court erred by dismissing his action, because he stated cognizable unfair labor practice claims against defendants in his amended complaint. This contention lacks merit, because federal district courts lack jurisdiction to adjudicate unfair labor claims arising under the Act. See Karahalios v. National Fed'n of Fed. Employees, Local 1263, 489 U.S. 527, 532-37 (1989) (finding that applicable provisions of the Act precluded federal agency employees from seeking redress in federal district court of alleged unfair labor practices). Accordingly, the district court properly dismissed Burnett's action against defendants for lack of subject-matter jurisdiction.
 
 
 5
 We have considered Burnett's remaining contentions and conclude that they are meritless.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3